UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD T. McCARTER | CIVIL ACTION |
| v. | NO. 11-2646 |
| PROGRESSIVE GULF INSURANCE COMPANY, ET AL. | SECTION "F" |

## ORDER & REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

## **Background**

On September 25, 2010 Richard T. McCarter was severely injured after an 18-wheeler crashed into the car he was driving. His resulting injuries included: a concussion; a significant closed head brain injury with multiple symptoms of post-concussion syndrome, including serious memory problems, deficits in and difficulty with reasoning, decision-making, organization, word finding and logical sequencing; blurred vision and loss of sight in his left eye; a fractured sternum that exacerbated a pre-existing heart problem, resulting in heart surgery; neck and back injuries; loss of hearing and tinnitus; knee and hip injuries; severe anxiety and depression; and insomnia. His cognitive impairment symptoms were so severe, in fact, that his neuropsychologist drafted a letter warning that McCarter "should not be put in any position of decision-making or judgment at this time due to the reduced

1

executive function he is experiencing."

McCarter had been driving his car westbound in the far left-hand lane on Highway U.S. 90 when an 18-wheeler tractor-trailer driven by Raymond L. Martin crossed two lanes of traffic, after exiting from I-310 onto Highway 90, and hit McCarter's car. Martin was employed by Danny Vince and DD Vince Trucking, which owned or leased the tractor-trailer Martin was driving. Progressive Gulf Insurance Company provided bodily injury and liability coverage for Vince, DD Trucking, and Martin.

To handle McCarter's claims arising from the accident, Progressive assigned its adjuster, Robert Blackwell. On March 11, 2011 McCarter, who could not himself read the document, signed a settlement of his claims; he now claims the settlement and release is null and void. On September 23, 2011 McCarter sued Progressive, Blackwell, Martin, and Vince, asserting various claims including that McCarter's injuries resulted from Martin's negligence; and that Blackwell fraudulently procured the March 11 release, including because Blackwell, who had been given his medical records and his doctor's letter, knew that McCarter had impaired reasoning skills and could not read the release himself. McCarter asserts that the March 11 release is null and void because:

    (a) Richard T. McCarter was deprived of reason and impaired prior to and on March 11, 2011, as a result of the injuries he sustained in the motor vehicle accident which forms the basis of this lawsuit. That deprivation of reason was well known to Robert Blackwell and Progressive Gulf Insurance

>   Company prior to the execution of the release document on March 11, 2011 because Robert Blackwell and Progressive Gulf Insurance Company were in possession of the medical records detailing Richard T. McCarter's cognitive and reasoning disabilities which resulted from those injuries. (See, e.g., the report of February 21, 2011 of neuropsychologist Susan R. Andrews, Ph.D., attached hereto as Exhibit B). Therefore that release should be rescinded under La. Civ. Code art. 1925.
>
> (b) Plaintiff was incapable of reading – and did not read – the release because of pre-existing blindness in his right eye and the blurred vision/loss of sight in his left eye caused by the accident in question. Defendant Robert Blackwell claims that he read the release to Richard T. McCarter, but what was read and/or understood by plaintiff is disputed since plaintiff at all times believed that Progressive would continue to pay his medical expenses related to his injuries sustained in the motor vehicle accident in question up to the policy limits in addition to the amount paid when the release was executed. As such, the aforementioned release was executed by Richard T. McCarter as a result of error as to a cause without which Mr. McCarter would not have agreed to the contract. Therefore, the release should be rescinded under La. Civ. Code arts. 1948 and 1950.
>
> (c) Progressive Gulf Insurance Company and Robert Blackwell induced Mr. McCarter's aforementioned error by fraud and misrepresentation of the terms and conditions of the March 11, 2011 release, and the release should therefore be rescinded under La. Civ. Code arts. 1948 and 1955.

On October 20, 2011 Robert Blackwell and Progressive removed the suit to this Court, invoking this Court's diversity jurisdiction, notwithstanding Blackwell's Louisiana citizenship; the defendants contend that Blackwell was improperly joined to defeat diversity jurisdiction. McCarter now seeks remand of his lawsuit back to state court.

3

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

*A.*

Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). Federal law allows for state civil suits to be removed to federal courts that have original jurisdiction over the action. 28 U.S.C. § 1441(a). Suits not brought under federal law are removable "only if none of the parties in interest properly joined ... [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b). For

a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the citizenship of every plaintiff is diverse from the citizenship of every defendant. Smallwood v. Illinois Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

Progressive and Blackwell assert this Court has jurisdiction under 28 U.S.C. § 1332, which requires that complete diversity exists between the plaintiffs and all properly joined defendants, and that the amount in controversy exceeds $75,000. The defendants urge the Court to disregard Blackwell's Louisiana citizenship because he was improperly joined to defeat diversity.

*B.*

The Fifth Circuit instructs that "[t]he burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983). The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). "[F]raudulent joinder must be proved with particularity and supported by clear and convincing evidence

5

by the removing party." Doe v. Cutter Biological, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (internal quotation omitted). The Court, however, should not pre-try the case. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same. See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted). A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." Green, 707 F.2d at 204. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Further, the resolution of

6

ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder.  Travis, 326 F.3d at 648.

C.

McCarter contends that remand is appropriate because he has presented intentional tort claims for misrepresentation and fraud against Blackwell, an in-state defendant, and that Louisiana courts recognize that such claims may be asserted against insurance adjusters in their individual capacity, citing Pellerin v. Cashway Pharmacy of Franklin, Inc., 396 So.2d 371, 373 (La.App. 1 Cir. 1981).

As a general rule, Louisiana courts have held that insurance adjusters owe no legal duties, such as advising the insured of the prescriptive period applicable to their insurance claim, to an insurance claimant.  Turner v. Aycock Welding Co., 421 So.2d 416, 417 (La.App. 1st Cir. 1982).  However, in Pellerin, the court observed that an adjuster could possibly assume a tort duty to the insured in certain circumstances, depending on the "relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud."  396 So.2d at 373 (remanding with instructions to permit plaintiff to amend her petition to allege breach of duty); see also Alarcon v. Aetna Cas. & Sur. Co., 538 So.2d 696, 699 (La. App. 5th

7

Cir. 1989)(holding that under some circumstances a tort duty on the part of the adjuster to the claimant may exist in the settlement of an insurance claim).

McCarter's claims are not run-of-the-mill claims concerning an adjuster's breach of duty for failure to fairly adjust a claim. To the contrary, McCarter alleges that he was neurologically impaired at the time Blackwell purportedly read to him the agreement settling his claim, that Blackwell knew that his doctor had specifically determined that McCarter should not be put in any decision-making position as a result of his impaired functional capacity, and that Blackwell nonetheless misrepresented the terms of the proposed settlement agreement (which McCarter was incapable of reading himself) and procured his signature on a settlement that was ultimately, unbeknownst to McCarter, unfavorable to McCarter.[1]

The defendants do not dispute that, under limited circumstances, there is a possibility that an adjuster can be found personally liable. They simply, and sparely, assert that "there are in fact no cases which actually cast an adjuster in judgment for such personal liability." And, the defendants further suggest that "[t]here is neither proof of misrepresentation, other than Mr. McCarter's self-serving statement, nor is there evidence of the

---

[1] McCarter also suggests that Blackwell undertook the duty read and explain the release to McCarter, and that he breached that duty by improperly expressing the terms of the agreement and failing to make sure he understood it.

requisite scienter requirement needed for a claim of fraud or fraudulent misrepresentation." But the plaintiff does not need to prove his claims at this stage;[2] rather, *the defendants* bear the heavy burden of showing the Court that the plaintiff has no possibility of recovering on the merits of his claims against Blackwell. The defendants have failed to carry their burden. As noted, the Court must resolve ambiguities, whether in state law or in fact, in favor of the party who is accused of improper joinder. Under the particular circumstances as alleged by the plaintiff here, the removing defendants have failed to show that there is no possibility of a valid cause of action against the in-state defendant.

Accordingly, because the Court lacks diversity jurisdiction, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the 29th Judicial District Court, St. Charles Parish.

New Orleans, Louisiana, December 7, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Green, 707 F.2d at 204 (A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination.").

9